# Third District Court of Appeal

## State of Florida

Opinion filed July 29, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-2141
Lower Tribunal No. F20-5503A
_____

**Adrian Edward Cosby,**
Appellant,

vs.

**State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, William Altfield, Judge.

Carlos J. Martinez, Public Defender, and Manuel Alvarez, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General, and Ivy R. Ginsberg, Assistant Attorney General, for appellee.

Before SCALES, C.J., and FERNANDEZ and MILLER, JJ.

SCALES, C.J.

Appellant Adrian E. Cosby appeals his convictions for first-degree felony murder, attempted felony murder, and attempted robbery. The sole issue on appeal is whether the trial court abused its discretion in admitting into evidence, over Cosby's objection, a photograph of Cosby brandishing a 9mm handgun. We affirm.

**I. Relevant Facts**

On April 7, 2020, Sergio Berben (a high school student selling aftermarket sneakers) and his girlfriend, Andrea Lacayo, drove to an address in Southwest Miami-Dade County. Berben stopped his vehicle at the address, an abandoned house, and George Walton[1] emerged from an alley near this house, approached Berben's vehicle, and engaged Berben in conversation about the sneakers.

At that point, Cosby approached Berben's vehicle from the rear, removed a gun from his jacket, and began firing at Berben and Lacayo. Berben was hit in the arm and survived. Lacayo, though, sustained a fatal stomach wound. Both Berben and Lacayo were shot with a 9-millimeter gun that was not recovered.

The following day, as part of a neighborhood canvass, the police arrived at the Cosby family home and asked the family questions about the

---

[1] Walton was separately tried and convicted.

incident. Afterwards, the Cosby family had a meeting inside the home which was captured on Cosby's mother's cellphone video. The video shows Walton and Cosby deleting items from Walton's cellphone.[2]

A forensic investigation of Walton's cellphone revealed that, on the day of the shooting, 161 items had been deleted; on this night after the shooting, Walton and Cosby deleted an additional 541 items. One of these deleted items was the photograph in question, a selfie, taken approximately two months earlier. The photograph depicted Cosby and Walton posing with 9mm guns.

Within its case-in-chief, over Cosby's objection, the State showed the jury the deleted photograph as part of its panoply of evidence against Cosby. This evidence included video footage from neighborhood surveillance cameras and video footage from inside the home from Cosby's mother's cellphone; Cosby's clothing and 9mm ammunition found in Cosby's bedroom under a search warrant; Berben's identification of Cosby; Instagram messages regarding the arranging of the sneakers sale; and the forensic data extracted from Walton's phone, which included the deleted photograph. Ultimately, the jury convicted Cosby of the felony murder of Lacayo, the

---

[2] Cosby and Walton were sharing Walton's cellphone after Cosby had lost his cellphone.

3

attempted felony murder of Berben, and the attempted robbery of both victims. The trial court sentenced Cosby to life imprisonment for the felony murder and attempted murder counts, and to twenty-five years for the attempted robbery, with the sentences to run concurrently. Cosby timely appealed, raising the single issue of the relevance and prejudicial effect of the photograph.

## II. Analysis

Relying on several cases holding that it is error to admit firearm photographs into evidence absent a link between the firearm and the crime,[3] Cosby asserts the photograph was inadmissible under section 90.401 (relevance) and section 90.403 (unfair prejudice) of the Florida Statutes (2024) because, purportedly, there was no link between the 9mm gun depicted in the photograph and the 9mm gun used in the shooting. In other words, Cosby argues that the probative value of the photograph was

---

[3] See, e.g., Agatheas v. State, 77 So. 3d 1232, 1236, 1239 (Fla. 2011) (holding that testimony about a 45-caliber gun found in defendant's backpack when he was arrested five years after a murder was inadmissible when the murder had been committed with a 38-caliber gun. Thus, "the only possible relevance of the 45-caliber revolver would be to demonstrate Agatheas's bad character and propensity."); Green v. State, 27 So. 3d 731, 738 (Fla. 2d DCA 2010) (holding that the trial court erred by admitting into evidence three firearms found in defendant's home that were of the same caliber of firearms used in a shooting, because these firearms were not connected to the shooting and, therefore, unfair prejudice outweighed probative value).

4

outweighed by the prejudice to Cosby of suggesting he had a violent character.

The State persuasively argues that this case is more closely analogous to cases in which courts found a sufficient link between the evidence and the underlying crime. See, e.g., Delhall v. State, 95 So. 3d 134, 155 (Fla. 2012) (holding no abuse of discretion in admitting evidence of a 9mm cartridge found in the defendant's backpack in his car where the 9mm cartridge used in the shooting was from a different manufacturer; the matched caliber and the defendant's admission transporting the murder weapon in his car found to be the "necessary nexus"); Holloway v. State, 114 So. 3d 296, 297 (Fla. 4th DCA 2013) (holding that a link existed between ammunition found in defendant's home and a firearm used (and not recovered) in a shooting, one factor being the temporal proximity of the discovery of the ammunition and the crime); Johnson v. State, 93 So. 3d 1066, 1068-69 (Fla. 4th DCA 2012) (holding that admitting into evidence photographs of a firearm owned by defendant not of the same caliber as the firearm used in the shooting was not unfairly prejudicial).

Specifically, the State asserts the following establishes a clear nexus between the challenged photograph and the crimes charged: (i) the evidence was undisputed that the victims were shot with a 9mm gun that was not

5

recovered; (ii) 9mm ammunition was found in Cosby's room; (iii) the photograph the State introduced showed Cosby posing with a 9mm gun; (iv) the trial court found the gun in the photograph "consistent" with the unrecovered gun used in the shooting; (v) the photograph was intentionally deleted from Walton's phone by Cosby and Walton the night after the crime; and (vi) the photograph, a selfie, was taken two months before the shooting and, therefore, was not remote in time from the charged crime.

When it comes to weighing evidentiary issues and admitting evidence, trial judges are generally granted broad discretion. Poole v. State, 151 So. 3d 402, 414 (Fla. 2014); Hernandez v. State, 979 So. 2d 1013, 1016 (Fla. 3d DCA 2008) ("The admissibility of evidence lies within the sound discretion of the trial court. The trial court's discretion is broad, and the decision to admit evidence will not be reversed unless there is a clear abuse of discretion.") (citation omitted). Given the aggregation of facts connecting the photograph to the charged crimes, coupled with our deferential standard of review, we cannot say that the trial court abused its discretion in admitting the photograph.[4]

---

[4] The State makes the alternate argument that, even if the trial court did err by admitting the photograph, in light of the overwhelming evidence against Cosby, such error was harmless beyond a reasonable doubt. Because of our holding, we need not, and therefore do not, reach the harmless error issue.

Affirmed.